IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHARITY MAINVILLE,              )
                                )
        Plaintiff,               )
                                )
    v.                          )       1:25CV302
                                )
ANNA DE SANTIS and DE SANTIS    )
RENTALS, LLC,                   )
                                )
        Defendants.              )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the undersigned Magistrate Judge on Plaintiff's Motion to Recuse Magistrate Judge L. Patrick Auld (Docket Entry 10). Because Plaintiff did not comply with Local Rules regarding motion practice and, in the alternative, did not establish any basis for recusal under governing authority, this Order will deny the instant Motion.[1]

---

[1] The undersigned Magistrate Judge has entered an order, rather than a recommendation, on the instant Motion, because "[a] motion to recuse is a nondispositive matter," Cleveland v. South Carolina, No. 8:17CV2922, 2017 WL 6498164, at *1 (D.S.C. Dec. 19, 2017) (unpublished) ("affirm[ing] the [m]agistrate [j]udge's order [denying recusal motion under] 'clearly erroneous or contrary to law' [standard]" (quoting 28 U.S.C. § 636(b)(1)(A))); accord Kiser v. Ferris, Civ. No. 2:04-1214, 2009 WL 1770084, at *1 (S.D.W. Va. June 16, 2009) (unpublished); see also 28 U.S.C. § 636(b)(1)(A) & (B) (authorizing (A) "designat[ion of] magistrate judge to hear and determine any pretrial matter pending before the court except [eight specified motions, none of which involve recusal]," subject to reconsideration by district judge only if "clearly erroneous or contrary to law," and (B) "designat[ion of] magistrate judge to conduct hearings . . . and to submit to [district] judge . . . proposed findings of fact and recommendations for the disposition, by [district] judge . . . of any [of the eight pretrial] motion[s] excepted in subparagraph (A)," subject to district judge's "de novo
(continued...)

INTRODUCTION

Plaintiff commenced this case last month by filing a pro se Complaint (Docket Entry 1), asserting claims "under the Fair Housing Act, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act" (id. at 3 (internal citations omitted)). At that same time, Plaintiff filed a Notice of Emergency and Imminent Harm in Support of Motion for Temporary Restraining Order (Docket Entry 3) and Motion for Authorization to File Electronically as a Pro Se Litigant (Docket Entry 4).

By Order entered on April 23, 2025, the Court (per United States District Judge William L. Osteen, Jr.) denied Plaintiff's request for a temporary restraining order ("TRO") "because this [C]ourt is prohibited by the Anti-Injunction Act from granting the relief Plaintiff s[ought]." (Docket Entry 8 at 3 (internal citation omitted); see also id. at 4 ("Plaintiff seeks an injunction of an ongoing state court proceeding and none of the [Anti-Injunction Act's] exceptions apply." (internal citation omitted)), 7 n.4 ("In the alternative, the TRO would be denied on the merits. Plaintiff's allegations are far too conclusory to support a finding that Plaintiff has established a likelihood of success on the merits.").) Shortly thereafter, the undersigned Magistrate Judge, acting on behalf of the Court, "den[ied] without

---

[1](...continued)
determination of those . . . specified proposed findings or recommendations to which objection is made" (emphasis added)).

prejudice [the] Motion for Authorization to File Electronically." (Text Order dated Apr. 28, 2025.) As grounds for that disposition, that Text Order explained:

> Electronic filing requires compliance with numerous rules and procedures. If Plaintiff demonstrates over the initial course of this litigation that she can comply with the rules of procedure and practice established by this Court's Local Rules and the Federal Rules of Civil Procedure, the Court will entertain a future motion from Plaintiff for permission to file electronically.

(Id.)

Rather than either (A) waiting to make that demonstration or (B) filing an objection to that Text Order under Federal Rule of Civil Procedure 72(a), Plaintiff immediately filed both a Renewed Motion for Authorization to File Electronically (Docket Entry 9) and the instant Motion, "request[ing] that [the undersigned] Magistrate Judge . . . recuse himself from this action pursuant to 28 U.S.C. § 455(a) to preserve the appearance of fairness and impartiality in these proceedings" (Docket Entry 10 at 7).

## DISCUSSION

"All motions, unless made during a hearing or at trial, . . . shall be accompanied by a brief except as provided in section (j) of [Local R]ule [7.3]." M.D.N.C. LR 7.3(a). The cross-referenced rule does not exempt recusal motions from the briefing requirement. See M.D.N.C. LR 7.3(j) (listing ten categories of motions, none of which concern recusal). Plaintiff did not file a brief in support of the instant Motion. (See Docket Entries dated Apr. 30, 2025

-3-

(date of receipt of instant Motion), through the present (showing no such brief).) "A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." M.D.N.C. LR 7.3(k). Here, the record warrants the exercise of that discretionary authority to summarily deny the instant Motion.

To begin, Plaintiff cannot claim lack of notice of the Local Rules or their significance, as – in the above-quoted Text Order – the undersigned Magistrate Judge advised Plaintiff of both the existence of the Local Rules and the importance of complying with them. Nor does Plaintiff's pro se status excuse her non-compliance with the Local Rules. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Dancy v. University of N.C. at Charlotte, No. 3:08CV166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (unpublished) ("[E]ven pro se litigants are expected to comply with . . . procedural rules 'without which effective judicial administration would be impossible.'" (italics omitted) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989))); DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) (Dixon, M.J.) ("'[P]ro se litigants are not entitled to a general dispensation from the rules of procedure . . . .'" (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994))). Further, Plaintiff did not include within the instant Motion all the

material required in briefs, including most importantly (A) "[a] concise statement of the facts," M.D.N.C. LR 7.2(a)(2), with "[e]ach statement of fact . . . supported by reference to a part of the official record in the case," id., and (B) "refer[ences] to all statutes, rules and authorities relied upon," M.D.N.C. LR 7.2(a)(4).  (See Docket Entry 10 at 1-7 (lacking any citation to any record material and any citation to any authority for recusal beyond bare reference to Section 455(a)).)

In sum, "[the instant M]otion lacks a supporting brief, as required by Local Rule[] 7.3(a)," Nagarajan v. Petrie Constr. LLC, No. 1:24CV897, 2024 WL 5443164, at *1 (M.D.N.C. Dec. 4, 2024) (unpublished) (Schroeder, J.), and "also cites no caselaw in support," id.  "On these grounds alone, it is denied." Id.; see also Harr v. Brodhead, No. 1:11CV263, 2012 WL 719953, at *3 n.3 (M.D.N.C. Mar. 5, 2012) (unpublished) (Schroeder, J.) ("[A]ll litigants, those represented by counsel and those proceeding pro se, are required to consult the local rules before filing any material."), aff'd, 475 F. App'x 15 (4th Cir. 2012).

Alternatively, the instant Motion fails for want of merit. The statute referenced in the instant Motion states:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a). As its plain language indicates, that provision requires Plaintiff

-5-

to show that "a reasonable person would have a reasonable basis for questioning the [undersigned Magistrate J]udge's impartiality . . . . [The undersigned Magistrate J]udge is not, however, required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted); see also id. ("The test is an objective one . . . .").

In this instance, Plaintiff "seeks recusal because [s]he is unhappy with the Court's adverse ruling[ on her motion for leave to file electronically]," McSwain v. Jobs, No. 1:13CV890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) (unpublished) (Eagles, J.). (See, e.g., Docket Entry 10 at 1-2 (criticizing reasoning in Text Order dated Apr. 28, 2025, "that 'electronic filing requires compliance with numerous rules and procedures,'" as "misleading and exaggerated," based on Plaintiff's "thorough[] review[ of] all 19 pages of the Court's Electronic Case Filing Administrative Policies and Procedures Manual" and her conclusion therefrom that, "[a]side from the basic registration requirements through PACER and standard connection procedures, the additional rules for electronic filing primarily address straightforward technical matters such as proper service, searchable text, privacy redactions, file formatting, and the use of hyperlinks"), 3-4 ("If Magistrate Judge Auld had ruled on Plaintiff's motion [for leave to file electronically] with full impartiality, he would have reviewed Plaintiff's [other] filings

and seen that she has endured nine months of similar mistreatment and prejudicial assumptions during her proceedings in state court, which have caused severe psychological harm, exacerbated her documented complex post-traumatic stress disorder (C-PTSD), and ultimately forced her to file an interlocutory appeal to protect her substantial rights."), 5 ("The magistrate [judge] was aware of Plaintiff's ongoing state court proceedings, as referenced in the [C]omplaint, yet made no inquiry regarding Plaintiff's experience with electronic filing before imposing an undefined probationary period . . . .").) "Yet it is well-established that mere disagreement on legal questions does not require a judge to recuse." McSwain, 2014 WL 12495108, at *1; see also id. ("When a party disagrees with the rulings of a [m]agistrate [j]udge, [the party] is free to file appropriate objections. If [the party] disagrees with how those objections are treated by the district [judge], [the party] may file a notice of appeal. . . . [The party] is not allowed to challenge court orders by the back door of a recusal motion . . . ."); Freeze v. VA Med. Ctr., Nos. 1:05CV219 & 220, 2005 WL 6058712, at *1 (M.D.N.C. June 21, 2005) (unpublished) (Bullock, J.) ("It appears that [the p]laintiff is dissatisfied with previous rulings of this court . . . . A judge is not required to automatically disqualify himself from a lawsuit simply because a litigant is displeased with the judge's previous adverse rulings . . . .").

To the extent the instant Motion seeks the undersigned Magistrate Judge's recusal on the ground that the resolution of Plaintiff's motion for leave to file electronically reflects bias against pro se litigants (see Docket Entry 10 at 4 ("The imposition of a heightened burden on Plaintiff's right to electronically file, based solely on her pro se status, creates the appearance of judicial bias and unequal treatment."), 5 (objecting to "disparate treatment" between attorneys and pro se litigants in regard to electronic filing)), Plaintiff has not shown that "a reasonable person would have a reasonable basis for questioning the [undersigned Magistrate J]udge's impartiality," Cherry, 330 F.3d at 665. Plaintiff's framing of the issue reveals the central flaw in her reasoning, i.e., she possesses no "right to electronically file" (Docket Entry 10 at 4 (emphasis added)); to the contrary, under the Local Rules, only attorneys possess the right to file electronically, see M.D.N.C. LR 5.3(a) ("Except as expressly provided by this rule or in the exceptional circumstances preventing electronic filing, all documents shall be filed electronically. (1) The following are exempted from the requirement of electronic filing: . . . (d) All pleadings and documents filed by pro se litigants . . . ."); M.D.N.C. LR 5.3(c)(1) ("Attorneys admitted to the bar of this Court and those making a special appearance . . . shall register as filing users of the Court's CM/ECF system prior to filing any pleadings.");

M.D.N.C. LR 5.3(c)(2) ("Upon the approval of the assigned Judge, a party to a case who is not represented by an attorney may register as a CM/ECF Filing User in the CM/ECF System solely for the purpose of the action."); M.D.N.C. LR 11.1(c) ("Pro se parties must file documents in person at the Clerk's Office or by mail, and any person appearing pro se may use electronic filing only with the permission of the assigned Judge." (italics omitted)); see also Enovative Techs., LLC v. Leor, 622 F. App'x 212, 215 (4th Cir. 2015) ("[The appellant] alleges that the district court erred by denying him permission to file electronically. [The appellant] has failed, however, to show entitlement to file electronically in the district court and therefore has shown no reversible error on appeal."); Short v. Boyd, No. 1:23CV207, 2024 WL 1162912, at *1 (W.D.N.C. Mar. 18, 2024) (unpublished) (declining to grant "exception" to "usual prohibition against electronic filing by pro se parties" (italics omitted)); Schorsch v. Waynesboro Gen. Dist. Ct., No. 5:19CV85, 2020 WL 496520, at *3 (W.D. Va. Jan. 30, 2020) (unpublished) ("[T]he court will not issue an order authorizing e-filing for [the pro se plaintiff]. Courts have allowed pro se litigants to e-file only in exceptional circumstances . . . ." (internal quotation marks omitted)); Williams v. Baltimore Cnty. Gov't, Civ. No. 17-66, 2018 WL 1993172, at *3 (D. Md. Apr. 27, 2018) (unpublished) ("It is not this [c]ourt's practice to permit pro se litigants to file electronically." (italics omitted)).

-9-

Put another way, the distinction drawn between pro se litigants and attorneys as to electronic filing comes from the Local Rules, not any policy (or bias) of the undersigned Magistrate Judge. In the face of that reality, Plaintiff effectively contends that the failure of the undersigned Magistrate Judge to do something the Local Rules expressly opt not to do, i.e., to grant to pro se litigants the same automatic right to file electronically as the Local Rules grant to attorneys, establishes bias by the undersigned Magistrate Judge against pro se litigants. A reasonable person would not have a reasonable basis to accept that contention and thus the undersigned Magistrate Judge "need not recuse [him]self because of [Plaintiff's] unsupported, irrational, or highly tenuous speculation," Hill v. United States, Nos. 1:13CR435, 1:17CV1036, 2019 WL 7372962, at *1 n.1 (M.D.N.C. Dec. 31, 2019) (unpublished) (Schroeder, C.J.) (internal quotation marks omitted)), appeal dismissed, 831 F. App'x 626 (4th Cir. 2020); see also Faller v. United States Bureau of Prisons, No. 5:18CV160, 2019 WL 5295523, at *3 (N.D. W. Va. Oct. 18, 2019) (unpublished) ("[T]he plaintiff has not presented sufficient facts or evidence which would raise a reasonable basis for recusal of the undersigned judge or disqualification of any other judge in this District. The plaintiff relies primarily on the adverse ruling . . . denying him ability to electronically file documents. The Supreme Court of the United States, however, has stated that 'judicial rulings alone

-10-

almost never constitute a valid basis for a bias or partiality motion.' Therefore, the plaintiff's arguments under § 455 lack merit." (internal citation omitted) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994))), appeal dismissed, 790 F. App'x 553 (4th Cir. 2020); Burgess v. eBay, Inc., No. 1:11CV193, 2013 WL 3716872, at *2 (M.D.N.C. July 12, 2013) (unpublished) (Eagles, J.) ("[The plaintiff] makes statements about the [m]agistrate [j]udge's motivation, but his [filing] does not provide any factual support for such allegations, he does not explain how he has come into possession of personal knowledge of the [m]agistrate [j]udge's motivation, and he provides no evidence from which any such inferences could be drawn. His conclusory allegations of bias are not supported by the record.").

## CONCLUSION

Plaintiff did not comply with the Local Rules when she filed the instant Motion and, even if the Court excused that non-compliance, her recusal request would fail as a matter of law.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 10) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 27, 2025

Case 1:25-cv-00302-WO-LPA   Document 12   Filed 05/27/25   Page 11 of 11