IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:25-cv-302



|  |  |
|---|---|
| Charity Mainville,<br><br>     Plaintiff,<br><br>    v.<br><br>Anna De Santis and De Santis<br>Rentals, LLC | **RULE 72(a) OBJECTION AND MOTION TO PRESERVE JUDICIAL INTEGRITY, DUE PROCESS, AND CONSTITUTIONAL ACCESS TO COURT** |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff CHARITY MAINVILLE hereby submits this objection to the following non-dispositive orders entered by Magistrate Judge L. Patrick Auld: the June 5, 2025 Text Orders denying Plaintiff's Motion to Strike and/or Vacate Improper Orders (Doc. 13) and Motion for Alternative Service (Doc. 11); the May 26, 2025 Text Order denying Plaintiff's Renewed Motion (Doc. 9) for CM/ECF Authorization; and the May 27, 2025 Order denying Plaintiff's Motion to Recuse Magistrate Judge Auld (Doc. 10).

Each of these rulings was issued either (1) without lawful judicial referral or designation under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2, or (2) under circumstances that render the referral procedurally invalid and constitutionally suspect. Even assuming arguendo that proper referral

1

occurred, all four rulings are clearly erroneous, contrary to law, and retaliatory in nature. They violate the Americans with Disabilities Act, deny Plaintiff meaningful access to the courts, and offend the basic guarantees of procedural due process under the First and Fourteenth Amendments.

## FACTUAL BACKGROUND

Plaintiff filed this civil rights action on April 22, 2025, in the U.S. District Court for the Middle District of North Carolina. The case was assigned to District Judge William L. Osteen, Jr. and Magistrate Judge L. Patrick Auld. Plaintiff, a pro se litigant with a documented disability, promptly moved for emergency injunctive relief (Doc. 3) and electronic filing access (Doc. 4). Judge Osteen ruled on the emergency motion. Magistrate Auld denied the CM/ECF request without prejudice on April 28, citing no legal authority. He instead required Plaintiff to first demonstrate compliance with the Court's Local and Federal Rules—despite her having already filed a detailed civil rights complaint in full conformity with those rules.

On April 30, 2025, Plaintiff filed a Renewed Motion for CM/ECF Access (Doc. 9), this time directing it to Judge Osteen, along with a Motion to Recuse Magistrate Judge Auld (Doc. 10). On May 22, the docket reflected that both motions had been submitted to Judge Osteen. However, on May 23, that docket entry was reversed—indicating that the motions were "no longer submitted"—and then immediately re-entered as referred to Magistrate Judge Auld, without any formal order or notation from Judge Osteen authorizing the change.

On May 26, 2025, before resolving the recusal request, Magistrate Auld denied the Renewed Motion (Doc. 9) in a sharply worded Text Order accusing

2

Plaintiff of violating Local Rule 7.3 and misrepresenting her procedural compliance. On May 27, he issued a Memorandum Opinion and Order denying the Motion to Recuse (Doc. 10).

On May 28, Plaintiff filed an Urgent Motion to Strike Improper Orders and for Reassignment (Doc. 13) challenging jurisdictional irregularities and alleging bias.

On May 30, the official docket reflected that Motions (Doc. 11) and (Doc. 13) were referred to Judge Osteen. However, on June 5—the same day Magistrate Auld denied both motions—the docket was retroactively altered to state the referrals were "inadvertent" and that they had been directed to Magistrate Auld. No order by Judge Osteen had authorized this change or designated Magistrate Auld to rule on those motions.

Despite the pending recusal motion, Plaintiff's explicit denial of consent under 28 U.S.C. § 636(c), and a pattern of irregular docket management, Magistrate Auld unilaterally entered four orders:

1. May 26: Text Order denying CM/ECF Renewed Motion (Doc. 9);

2. May 27: Memorandum Opinion and Order denying Recusal (Doc. 10)];

3. June 5: Text Order denying Alternative Service (Doc. 11);

4. June 5: Text Order denying Motion to Strike and Reassign (Doc. 13).

Each of these four orders—Docs. 9, 10, 11, and 13—was denied on the same asserted ground: Plaintiff's alleged failure to file a separate brief under Local Rule 7.3(a), which Magistrate Judge Auld claimed warranted summary denial under Rule 7.3(k). Plaintiff directly challenged this rationale in the Urgent Motion to Strike, citing applicable law and procedural context under Local Rule 7.2. Yet Magistrate Judge Auld dismissed those arguments not through any citation to legal authority, but merely by stating that he "disagrees"—without referencing any rule or precedent.

3

These rulings have effectively blocked Plaintiff's access to the court, prevented service of process, and undermined the integrity of judicial proceedings. No judge's order formally referred Motions (Doc. 9, 10, 11, and 13) to Magistrate Auld, nor did Plaintiff consent to his authority. The retroactive recharacterization of the docket raises serious concerns of procedural manipulation and bias.

## LEGAL STANDARD UNDER RULE 72(A)

Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate judge's ruling on a non-dispositive pretrial matter. The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[1] This standard is not a formality. Courts have emphasized that district judges must independently evaluate the magistrate's ruling, and reversal is required where the decision misapplies law or rests on flawed reasoning. As the Third Circuit stated: "*A magistrate judge's order on a non-dispositive matter must be set aside if it is clearly erroneous or contrary to law.*"[2]

Objections must be timely filed within 14 days of service of the magistrate judge's order. Here, Plaintiff challenges four orders issued by Magistrate Judge Auld (Docs. 9, 10, 11, and 13), each of which either exceeded the magistrate's statutory authority or was issued in a manner that was clearly erroneous, contrary to law, and constitutionally improper.

---

[1] Fed. R. Civ. P. 72(a).
[2] *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

4

## LEGAL ARGUMENT

## I. Magistrate Judge Auld Lacked Proper Referral Authority Under 28 U.S.C. § 636(b)(1)(A)

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court" only when it has been referred by a district judge, and only in matters not expressly excluded by the statute. Local Rule 72.2 reinforces this limitation by requiring that assignments to magistrate judges occur by court order, standing order, or direction from the district judge.

No such order exists here. The docket shows that Plaintiff's Renewed Motion for CM/ECF Access (Doc. 9) and Motion to Recuse (Doc. 10) were initially submitted to Judge Osteen on May 22, 2025, then removed the next day and retroactively marked as referred to Magistrate Judge Auld—without any referral order. The same occurred with Motions (Docs. 11 and 13), which were listed on May 30 as referred to Judge Osteen but were "corrected" on June 5—the same day they were denied by Magistrate Auld.

When Plaintiff contacted the case manager to inquire about these changes, she stated that the clerk's office "decides" who receives the motion based on the "authoritative" judge. However, even Local Rule 72.2 requires actual direction from a judge—not internal administrative discretion. There is no standing order on the docket, nor any court order delegating these specific motions to Magistrate Auld.

As the Fourth Circuit emphasized in *Coffin v. Murray*, 983 F.2d 563 (4th Cir. 1993), magistrate judges derive jurisdiction only through proper referral: "Magistrate judges do not have inherent jurisdiction.

5

They may act only pursuant to proper designation and referral by district judges." Likewise, *Davis v. Scott*, 176 F.3d 805 (4th Cir. 1999), confirms that magistrate judges must act through "proper channels" to satisfy the jurisdictional and Article III requirements for judicial action.

In the absence of any such designation here, Magistrate Judge Auld's orders (Docs. 9, 10, 11, and 13) were issued without statutory authority and in violation of both §636(b)(1)(A) and Local Rule 72.2. Each order must therefore be set aside.

Additionally, magistrate judges were not intended to replace Article III judges but to serve in a support role—"to increase efficiency by providing preliminary evaluation of matters for the judge's consideration." *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Yet here, Magistrate Judge Auld has not enhanced judicial efficiency, but instead created bias and obstruction in a case that has not even proceeded to service of process due to his rulings. His pattern of denials has imposed an undue and prejudicial burden on a pro se litigant with a documented disability and risks undermining public confidence in the impartiality of the Middle District of North Carolina—particularly in a civil rights case invoking constitutional protections.

## II.   Misapplication of Local Rule 7.3(a) and (k)

As stated in Plaintiff's Urgent Motion to Strike, Magistrate Judge Auld's rulings on May 26 and May 27, 2025, constitute improper judicial conduct under 28 U.S.C. §455(a) and reveal a pattern of retaliatory reasoning designed to obscure his own misapplication of law. Because Plaintiff asserted in her renewed CM/ECF motion that she

6

had complied with all procedural rules, Magistrate Judge Auld manufactured a violation by invoking Local Rule 7.3(a)—misapplying its scope to justify denial.

Local Rule 7.3(a) governs adversarial motions that require responsive briefing, not judge-directed procedural motions such as Plaintiff's CM/ECF request or her §455(a) motion to recuse. These motions function as opening briefs and are not served on opposing parties. Moreover, if the Court insists that all motions must be "accompanied by a brief," then under Local Rule 7.2(a), Plaintiff's filings still met the substantive criteria: they stated the nature of the matter before the Court, included a concise factual summary, identified the questions presented, and cited relevant statutes and procedural rules.

Additionally, Local Rule 7.3(a) does not require the brief to be filed as a separate document—only that the motion be "accompanied" by a brief. According to the Cambridge Dictionary, "accompanied" means "to be provided or exist at the same time as something," supporting Plaintiff's interpretation that the motion and brief may be combined in one filing.

Plaintiff also warned in her Motion to Strike that if Magistrate Judge Auld insisted his application of Rule 7.3(a) was correct, she would review his rulings in other cases. Despite there being thousands of cases on PACER, Plaintiff identified only seven instances where

7

Judge Auld denied motions solely via text order under Rule 7.3(k), and not all were applied consistently.[3]

It is troubling that Plaintiff was forced to expend time compiling this evidence to challenge an improper pattern in a civil rights case. This pattern is particularly egregious given that Magistrate Judge Auld's initial denial did not reference Rule 7.3, and the renewed motion was explicitly directed to District Judge Osteen—not him.

Applying a local rule in a manner that conflicts with federal law, the Constitution, or the Federal Rules of Civil Procedure violates 28 U.S.C. §§ 2071(c) and 2072(b), and renders such rulings "clearly erroneous or contrary to law" under Rule 72(a).

## III. Improper Application of Local Rule 5.3(c)(2) and Pattern of Denial of CM/ECF Access

Plaintiff's April 30, 2025 Renewed Motion for Authorization to File Electronically was explicitly titled "Directed to District Judge." Nevertheless, it was reassigned to Magistrate Judge Auld without any referral order, in violation of 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2. Magistrate Judge Auld subsequently denied the motion without citing any legal basis under Local Rule 5.3(c)(2) or recognizing Plaintiff's accompanying request for reasonable accommodation under the Americans with Disabilities Act.

This procedural irregularity has imposed undue and ongoing hardship. Due to the denial, Plaintiff—who has a documented disability—

---

[3] See cases: 1:15-cv-01020, 1:16-cv-01368, 1:17-cv-00691, 1:18-cv-00822, 1:19-cv-01248, 1:19-cv-00360, 1:21-cv-00906

has been forced to travel nearly two hours during business hours and pay more than $150 in courier and express mailing fees to file motions challenging these rulings. The time required to draft, print, and deliver these filings has also interfered with Plaintiff's ability to work. The denial of electronic access has materially prejudiced Plaintiff's right to judicial review and equal participation in her own case.

As far as Plaintiff could locate in the public record, Magistrate Judge Auld has not granted a single request for electronic filing by a pro se litigant. Instead, he appears to treat the rule as a discretionary barrier, denying such motions based on perceived procedural shortcomings. For example:

- *Mulugu v. Duke University*, 1:23-cv-00957: Magistrate Judge Auld denied the motion citing lack of a certificate of service.
- *Allen v. RentGrow, Inc.*, 1:20-cv-00256: Magistrate Judge Auld denied the motion based on "repetitive and/or unauthorized filings."
- *Smith v. Berryhill*, 1:18-cv-00057: Magistrate Judge Auld denied the motion in the same order recommending dismissal of the action.

This is not a coincidence; it is a pattern. Plaintiff's experience aligns with this established record, despite her having properly filed a detailed complaint and complied with the Court's initial procedural requirements. Magistrate Judge Auld stated that the denial was "without prejudice" and that Plaintiff could reapply after demonstrating compliance, yet then criticized Plaintiff for filing too soon, stating: "Rather than waiting to make that demonstration, Plaintiff elected to immediately file." This contradictory language

9

suggests a retaliatory tone and undermines the legitimacy of the original denial—if the motion truly lacked merit, there would have been no reason to condition future approval.

IV. **Constitutional Violations**

The cumulative impact of the Court's handling of this case—including procedural irregularities, docket manipulation, and the denial of both CM/ECF access and alternative service—has resulted in serious constitutional violations. Plaintiff has been effectively blocked from litigating her claims, including being denied the basic right to bring the case before the Court.

Plaintiff still has not been able to effectuate service of process due to these rulings. The denial of her expedited motion for alternative service (Doc. 11) was based on procedural technicalities that were misapplied, without considering the practical barriers or Plaintiff's documented disability. That decision—alongside the denial of electronic access—has compounded the burden on Plaintiff and obstructed her access to justice.

This is not a matter of delay; it is complete deprivation. The combination of misapplied local rules, unexplained docket alterations, and unauthorized magistrate rulings has left Plaintiff unable to meaningfully participate in the judicial process. Denying a civil rights plaintiff access to the Court through structural and procedural manipulation is a violation of the Fifth Amendment's Due Process Clause and the First Amendment's right to petition the government for redress.

A federal court should not function as a gatekeeper barring entry at the threshold—particularly not in a case alleging constitutional and statutory violations under the Fair Housing Act and a parallel claim

10

under 42 U.S.C. §1983. That is precisely what has occurred here. Plaintiff respectfully requests that the District Judge review these orders with the seriousness their cumulative effect demands.

## ESCALATION OF HARM, UNDUE BURDEN, AND THE NEED TO RESTORE JUDICIAL INTEGRITY

As noted above, Plaintiff has filed a parallel action under 42 U.S.C. §1983 directly related to this case and has already endured months of harm and undue burden stemming from clear violations of federal rights. That harm is now compounding within this very court, not because of lack of merit, but because Plaintiff is exercising her legal rights while proceeding pro se. If Plaintiff did not believe the evidence in her case met the legal threshold, she would not have filed it.

Plaintiff acknowledges the need to amend her complaint to remove the Title II claim, but she has been unable to do so because service of process remains blocked by rulings that are both procedurally and constitutionally defective. It is no secret that courts often exhibit implicit bias against pro se litigants—a fact well-documented by legal scholarship. Judges, however, are bound by oath to set aside such bias and evaluate each case on its individual merits.

Some of the most respected attorneys in American history—Abraham Lincoln, John Adams, and Patrick Henry—were self-taught. They succeeded during a time when legal information was not widely accessible. Plaintiff respectfully reminds the Court that it knows nothing of her background, education, or intellectual capacity. If necessary, she is prepared to submit her résumé, academic records, references from licensed attorneys, and formal cognitive evaluations to demonstrate her capacity to litigate and her

11

entitlement to be treated with the same dignity and fairness as any represented party.

Plaintiff brings this objection not out of defiance but out of necessity. The cumulative effect of the Court's procedural irregularities, improper referrals, misapplication of local rules, and disregard for disability-related access rights has functionally denied Plaintiff her ability to litigate a civil rights case grounded in substantial evidence. The unchecked authority exercised by Magistrate Judge Auld, without lawful referral or adherence to governing procedures, has inflicted continuing harm, eroded confidence in judicial neutrality, and undermined the integrity of this proceeding. Plaintiff respectfully urges this Court to correct course, restore procedural fairness, and ensure that her claims may be heard on their merits—free from bias, obstruction, or retaliatory application of the rules.

## RELIEF REQUESTED

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. For the foregoing reasons, Plaintiff respectfully requests that the Court:

2. Vacate Magistrate Judge Auld's June 5, 2025 orders denying Motions at Docket Nos. 9, 10, 11, and 13;

3. Recuse Magistrate Judge Auld and reassign the matter to a different magistrate judge if needed for judicial economy;

4. Immediately adjudicate Motions 9, 10, and 11—including Plaintiff's Motion for Alternative Service—given the unjust delays and continued denial of basic access;

12

5. Confirm that any future non-consensual dispositive or jurisdictional motions must be resolved by the assigned District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2;

6. Grant such other and further relief as the Court deems just and proper to restore Plaintiff's access to justice and ensure compliance with constitutional and statutory protections.

Respectfully submitted this 6th day of June, 2025.

Charity Mainville
Plaintiff, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608)215-6654
camainville@gmail.com

13